UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The J. Edward Kloian Foundation,

    Plaintiff,

v.                                                              Case No. 13-13684

Fred S. Findling, *et al.*,                      Sean F. Cox
                                                            United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER

       This action stems from a lengthy dispute over legal fees.  After losing in state court, wherein the judge presiding over the case ruled that it was the alter ego of the judgment debtor, and issued an order allowing the seizure and sale of two vehicles that it alleges it owned, the Plaintiff Foundation in this case filed this action seeking to reverse those rulings and halt the sale.  The matter is currently before the Court on three motions to dismiss filed by the Defendants, a motion by the Plaintiff to file an amended complaint, and two motions seeking sanctions under Fed. R. Civ. P. 11.  A brief hearing was held on December 19, 2013, during which the Court denied without prejudice Plaintiff's Counsel's December 18, 2013 Motion to Withdraw.

       For the reasons set forth below, this Court shall:   1) dismiss Plaintiff's claims because the Court lacks subject matter jurisdiction over them under the *Rooker-Feldman* doctrine; 2) deny as futile Plaintiff's motion seeking to amend his complaint because the proposed amended claims are still barred; and 3) deny the motion for sanctions filed by the Findling Defendants because they have failed to establish that they have complied with Rule 11's "safe harbor"

1

provision.  The final motion is the Motion for Rule 11 Sanctions filed by the Washentaw County Defendants, who did comply with Rule 11's safe harbor provision.  The Court shall grant their motion for sanctions and shall order the Washtenaw County Defendants to submit an affidavit setting forth the amount of attorney fees incurred in this action, along with supporting documentation.  This Court will then determine an appropriate sanction award.

## BACKGROUND

J. Edward Kloian "Kloian" hired attorney Fred Findling ("Findling") and the Findling Law Firm to represent him in bankruptcy matters.  Some time later, Findling and the Findling Law firm filed suit against Kloian in Wayne County Circuit Court seeking payment for alleged unpaid legal fees.  *See Findling v. Kloian*, 2009 WL 2477615 (Mich.App. Aug. 13, 2009).  The trial court denied Kloian's motion seeking a change of venue to Washtenaw County Circuit Court and granted Findling/the Findling Law Firm's motion for summary disposition, awarding them approximately $46,000.00.  Kloian appealed and the Michigan Court of Appeals vacated and remanded for entry of an order transferring venue to Washtenaw County Circuit Court. (*Id.;* see also Pl.'s Compl. at ¶¶ 17-18).

There, the action was assigned to the Honorable David S. Swartz, Chief Judge Pro Tem of the Washtenaw County Trial Court in Ann Arbor, Michigan.  In that action, Judge Swartz denied a motion filed by Kloian seeking an adjournment due to his alleged physical condition. (Compl. at ¶ 23).  Judge Swartz ultimately entered a default judgment against Kloian, awarding Findling and the Findling Law Firm $68,350.00  (Compl. at ¶¶ 23-24).

Findling and the Findling Law Firm later filed requests seeking to seize property in order to satisfy the judgment rendered against Kloian.  On September 13, 2012, Judge Swartz issued

an order authorizing the seizure of certain property. After that order was issued, Victor Lotycz ("Lotycz"), of Tri-County Court Services, Inc. ("Tri-County"), seized two vehicles: 1) a 1986 Ferrari; and 2) a 2003 Jaguar. (Compl. at ¶ 27).

The J. Edward Kloian Foundation ("the Foundation") filed a motion seeking to intervene in the case before Judge Swartz, alleging that it is an independent non-profit corporation and that it owns the vehicles that were seized. (Ex. 1 to Docket Entry No. 15).

"On October 26, 2012, the Washtenaw Circuit Trial Court entered on order allowing The Foundation to intervene" in the case in order to contest what it believed to be an illegal seizure of the vehicles. (Compl. at ¶ 29; *see also* Ex. 2 to Docket Entry No. 15). Thus, as of October 26, 2012, when its Motion to Intervene was granted, the Foundation was a party to the action.

In an Order issued on August 14, 2013, Judge Swartz ruled that the Foundation is the alter ego of Kloian, stating as follows:

> Upon a Hearing held in open Court, and the Court having examined and reviewed in camera the records produced by Intervenor The J. Edward Kloian Foundation, and for the reasons stated on the record, the Court finds that The J. Edward Kloian Foundation is the alter ego of Defendant J. Edward Kloian and orders as follows:
> IT IS HEREBY ORDERED that Intervenor The J. Edward Kloian Foundation be and is the alter ego of Defendant J. Edward Kloian.
> IT IS FURTHER ORDERED that the following vehicles:
>
>> 2003 Jaguar [with specified Vin No.] and Ferrari Kit Car (year unknown) [with specified Vin No.]
>
> be and are the property of, and owned by Defendant J. Edward Kloian.
>
> IT IS FURTHER ORDERED that said seized vehicles may be sold at public auction as soon as possible and the net proceeds, after deducting the costs of sale be paid to Plaintiffs on their judgment against Defendant J. Edward Kloian.

3

(Docket Entry No. 25 at Pg ID 182-83; *see also* Compl. at ¶ 34).

At a hearing held on November 14, 2012, Judge Swartz denied the Foundation's request for an injunction against Findling, the Findling Law Firm, Tri-County, Lotycz and court officers from selling the seized vehicles. (Compl. at ¶ 30).

On August 27, 2013, Kloian received notice from Lotycz that the vehicles would be sold at auction on August 28, 2013.

On August 28, 2013, the Foundation filed this action against the following Defendants: 1) Findling; 2) the Findling Law Firm; 3) Judge Swartz; 4) Lotycz, identified as the owner and operator of Tri-County; 5) and Tri-County. The Foundation's Complaint asserted the following claims: 1) "First Cause of Action (Violation of the Fourteenth Amendment Due Process Clause)"; 2) "Second Cause of Action (Violation of Supremacy Clause)"; and 3) "Third Cause of Action (Conversion of The Foundations Property)."

On August 28, 2013, Plaintiff also filed an "Emergency Motion for Ex-Parte Temporary Restraining Order." (Docket Entry No. 2). In that motion, Plaintiff asked this Court to issue an ex-parte temporary restraining order preventing the sale of the vehicles.

In an Order issued on August 30, 2013, this Court denied without prejudice Plaintiff's motion seeking an ex-parte temporary restraining order, stating that Plaintiff's motion did not reflect an emergency situation that required the Court hearing the motion without notice to Defendants. (Docket Entry No. 6). Notably, this Court also stated that "after an initial review of Plaintiff's Complaint, *this Court has concerns that Plaintiff's claims may be barred in whole or in part by the Rooker-Feldman doctrine* and/or that claims against certain Defendants fail for other reasons, such as *absolute judicial immunity*. *See Musilli v. Googasian,* 2006 WL 3030974

4

(E.D. Mich. 2006). These concerns further militate in favor of denying the pending motion." (*Id.* at 2) (emphasis added).

In another Order issued on August 30, 2013, this Court declined to exercise supplemental jurisdiction over Plaintiff's state-law conversion claim and dismissed that claim without prejudice. (Docket Entry No. 5). Thus, only counts one ("Violation of Fourteenth Amendment Due Process Clause") and two ("Violation of Supremacy Clause") remain.

Count One alleges as that each of the Defendants have "violated the Fourteenth Amendment to The United States Constitution" by depriving the Foundation of its due process rights and asks the Court to issue an injunction prohibiting the sale or transfer of the two vehicles.

Count Two alleges that "Judge Swartz's *ruling*" that the Foundation is an alter ego of Mr. Kloian is a "violation of The Supremacy Clause of Article VI, Clause 2" of the United States Constitution. (Compl. at 9) (emphasis added).

The Complaint's prayer for relief asks this Court to issue a temporary and permanent injunction preventing the sale or transfer of the vehicles and to return the vehicles to the Foundation. It also seeks monetary damages for the costs of previous attorney fees expended in the state-court action, and other economic losses. (*See* Compl. at 10).

On September 19, 2013, Defendants Lotycz and Tri-County (the "Tri-County Defendants") filed a Motion to Dismiss. (Docket Entry No. 13).

On September 24, 2013, Defendants Washtenaw County and Judge Swartz (collectively "the Washtenaw County Defendants") filed a "Motion To Dismiss Under Rule 12(b)(1) and (6)". (Docket Entry No. 15). This motion has been fully briefed.

5

On October 1, 2013, Findling and the Findling Law Firm (collectively "the Findling Defendants") filed a "Motion To Dismiss Under Rule 12(b)(1) and (6)" wherein they joined the Washtenaw County Defendants' motion, stating that "repeating their arguments would only be a duplication of effort." (Docket Entry No. 17). Plaintiff has not filed a response to this motion and the time permitted for doing so has passed.

On October 15, 2013, Plaintiff filed a "Motion To Amend Complaint" (Docket Entry No. 20), wherein it states that it wishes to amend its Complaint in order to: "(1) withdraw claims for injunctive relief and substitute claims for money damages in light of recent events that have made injunctive relief unavailable [ie., the property having been sold in connection with the state-court proceeding]; and (2) add a gross-negligence claim against Defendants Lotycz and Tri-County." (*Id*. at 1).

On October 17, 2013, the Findling Defendants filed a "Rule 11 Motion for Sanctions" (Docket Entry No. 22). Plaintiff has not filed a response to this motion and the time permitted for doing so has passed.

On November 20, 2013, the Washtenaw County Defendants filed a "Rule 11 Motion for Sanctions" (Docket Entry No. 27). Plaintiff has not responded to this motion and the time permitted for doing so has passed.

**Standard of Decision**

Defendants bring their motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief may be granted).

When ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court must

construe the complaint in a light most favorable to the plaintiff and accept all the well-pleaded factual allegations as true. *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). When evaluating the adequacy of the allegations contained in a complaint, a district court may consider: 1) documents referenced in, or attached to, the complaint and central to the plaintiff's claims; 2) matters of which a court may properly take notice; and 3) public documents and records. *Costell v. Bank of New York Mellon*, 2013 WL 317746 (E.D. Mich. 2013); *Meyer v. Citimortgage, Inc.*, 2012 WL 511995 (E.D. Mich. 2012); *Devlin v. Kalm*, __Fed. App'x __, 2013 WL 4265757 (6th Cir. 2013).

Thus, the Court may consider the various documents and orders relating to the state-court action, which are referenced in Plaintiff's Complaint and central to it claims.

## ANALYSIS

**I.    Plaintiff's Claims In Its Original Complaint, And Its Proposed Amended Complaint Seeking Additional Money Damages, Are Barred By The *Rooker-Feldman* Doctrine.**

Defendants contend that Plaintiff's claims in this action are barred by the *Rooker-Feldman* doctrine. The Court agrees.

"The *Rooker-Feldman* doctrine provides that inferior federal courts lack jurisdiction to review the final judgments of state courts." *Hutcherson v. Lauderdale Cty, Tennessee*, 326 F.3d 747, 755 (6th Cir. 2003) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923)). This is because "[f]ederal district courts do not stand as appellate courts for decisions of state courts." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013).

The *Rooker-Feldman* doctrine is "designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a

state-court decision." *Kovacic v. Cuyahoga Cty. Dept. of Children and Family Svs.*, 606 F.3d 301, 308 (6th Cir. 2010).   The pertinent inquiry is whether the "source of the injury" upon which the plaintiff bases his federal claim is the state-court judgment or order.  *Kovacic,* 606 F.3d at 309.  "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine prevents the federal court from asserting jurisdiction*."  McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir. 2006).

The application of the doctrine is "confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Givens v. Homecomings Financial*, 278 Fed. App'x. 607,609 (6th Cir. 2008).

That is precisely what we have here.  The Foundation intervened in the state-court action and challenged the seizure of the vehicles, asserting that it, not Kloian, owned the vehicles.  The Foundation asked Judge Swartz to enjoin Defendants from selling the vehicles.  Judge Swartz rejected the Foundation's arguments, ruled that the Foundation is Kloian's alter ego, denied the Foundations's requested injunction, and allowed the seizure and sale of the vehicles to proceed.

Having lost in state-court, the Foundation then filed this action, asking this Court to: 1) issue the very injunction barring the sale of the vehicles that Judge Swartz declined to enter in the state-court action; 2) order that the seized vehicles be turned over to the Foundation; and 3) award it money damages for attorney fees it incurred in the state-court action and other economic damages. Now, given that the vehicles at issue have already been sold, the Foundation seeks to file an amended complaint seeking additional money damages "in the amount of the fair market value of the property unlawfully seized and sold."  (Docket Entry No. 20 at 1).

The source of the Foundation's alleged injury is the judgment and orders entered in the state-court action. This Court could not grant the relief sought by the Foundation in this action without invalidating or overturning the state-court orders and rulings. Thus, the action is barred by *Rooker-Feldman*. *See Tropf v. Fidelity Nat. Title Ins. Co.,* 289 F.3d 929, 937 (6th Cir. 2002) (The "*Rooker-Feldman* doctrine precludes federal court jurisdiction where the claim is 'a specific grievance that the law was invalidly – even unconstitutionally – applied in the plaintiff's particular case."); *see also Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) (Explaining that "the *McCormick* court explicitly noted that errors made by state court judges are barred from consideration" and that if the state-court judge conducted proceedings erroneously, the plaintiff's recourse is to file a direct appeal with the state appellate court.).

The Foundation's arguments in opposing application of the *Rooker-Feldman* doctrine are misplaced and can be quickly disposed of. First, the Foundation contends that the doctrine should not be applied because there was no "judgment" entered as to it. The doctrine, however, is not confined to final judgments. *See, e.g., Bashkin v. Hickman*, 411 Fed. App'x. 889 (9th Cir. 2011) (*Rooker-Feldman* doctrine applies to state court orders and judgments). Second, the Foundation asserts that it was not an original party to the state-court proceedings. While that is true, the Foundation later became a party after it successfully sought to intervene in the case. Third, the Foundation states that an exception to the doctrine applies where the state court judgment was obtained by fraud. But the Foundation does not allege that the orders or judgment issued by Judge Swartz were obtained by fraud. Rather, it alleges that Judge Swartz erred in concluding that it was Kloian's alter ego and in failing to enjoin the sale of the vehicles.

Accordingly, the Foundation's two remaining claims in this action are barred by the

9

*Rooker-Feldman* doctrine and the Court shall dismiss this action for lack of subject matter jurisdiction.

In addition, the Court shall deny as futile the Foundation's request to file an amended complaint in order to make a claim for money damages, in the amount of the fair market value of the seized and sold vehicles, because that claim too would be barred by the *Rooker-Feldman* Doctrine. The Foundation's motion to amend also seeks to assert a state-law "gross negligence" claim against the Tri-County Defendants. Given that the Court is dismissing all federal claims in this action at very early point in the case, however, it will not exercise supplemental jurisdiction over any newly-asserted[1] state-law claims. Thus, the Foundation's Motion to Amend shall be denied in its entirety.

## II. In Addition, Judge Swartz Is Entitled To Absolute Judicial Immunity.

As an additional ground for dismissing this action and denying the Foundation's Motion to Amend, the Washtenaw County Defendants' Motion asserts that Judge Swartz has absolute judicial immunity with respect to the Foundation's claims in this action.

It is well-established that a "judge performing judicial functions is absolutely immune from suit seeking monetary relief, even if acting erroneously, maliciously, or in excess of the judge's authority." *Wellman v. PNC Bank*, 508 Fed. App'x. 440, 442 (6th Cir. 2012). The Supreme Court has explained:

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from

---

[1] This Court already declined to exercise supplemental jurisdiction over state law claims in this action when it dismissed the Foundation's conversion claim.

>independent and impartial adjudication . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

*Forrester v. White*, 484 U.S. 219, 226-27 (1988).

"Judicial immunity can be overcome under only two circumstances. 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

Here, the actions that at issue take by Judge Swartz are: 1) his ruling, after allowing the Foundation to intervene in the action, that the Foundation is the alter ego of Kloian; 2) his ruling denying the Foundation's request for an injunction; and 3) his orders allowing the seizure and sales of the vehicles. Those are clearly actions taken in Judge Swartz's judicial capacity.

As to the second exception, the Sixth Circuit has explained that it is narrow in its application:

>[O]nly in the absence of *subject matter jurisdiction* are judicial actors devoid of the shield of immunity. When, however, a court with subject matter jurisdiction acts where for example personal jurisdiction is lacking, judicial and prosecutorial absolute immunity remain intact. . . Even grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity.

*Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001) (emphasis in original).

Here, Michigan law provides that circuit courts are courts of general jurisdiction and have appellate jurisdiction from all inferior courts. *See* Mich. Const. 1963, art. VI, § 13; *see also* M.C.R. 2.621 (providing subject matter jurisdiction to enter orders supplementary to judgment).

In presiding over the state-court action, Judge Swartz was not acting in the absence of subject matter jurisdiction.

Accordingly, even if the *Rooker-Feldman* doctrine did not bar this Court from exercising subject matter over the Foundation's Complaint, Judge Swartz would be entitled to absolute judicial immunity.

## II. Defendants' Motions For Rule 11 Sanctions

The Washtenaw County Defendants and the Findling Defendants each filed a motion seeking sanctions under Fed. R. Civ. P. 11. Under Rule 11:

> [S]anctions may be imposed if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988). The purpose of sanctions is to deter the abuse of the legal process. *Id*. Rule 11 was amended in 1983 to facilitate the imposition of sanctions against attorneys who disregard their professional responsibilities to the court. *Id.* As amended, the rule "stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed." *Id.*

*Merritt v. International Ass'n. of Machinists*, 613 F.3d 609, 626 (6th Cir. 2010). Moreover, the "reasonable inquiry under Rule 11 is not a one-time obligation" – "plaintiff is impressed with a continuing responsibility to review and reevaluate his pleadings." *Id.*

Notably, Rule 11 has a "safe harbor" provision that must be complied with before the Court may impose sanctions. Fed. R. Civ. P. 11(c)(2). Under the "safe harbor" provision: 1) a "motion for sanctions must be made separately from any other motion;" 2) it "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service." *Id*.

The Motion for Rule 11 Sanctions filed by the Washtenaw County Defendants represents that they complied with Rule 11's safe harbor provision. (Docket Entry No. 27 at 4) (On October 1, 2013, undersigned counsel served counsel for Plaintiff Steven Hyder with a copy of Washtenaw County and Judge Swartz's Rule 11 Motion.)

Even though the Foundation failed to file a response in opposition to it, the Findling Defendant's Motion for Rule 11 Sanctions does not establish that they complied with Rule 11's safe harbor provision. Moreover, a review of the motions filed reflects that the Findling Defendants filed a Motion to Dismiss that relied on the motion filed by the Washtenaw County Defendants. While it was quite reasonable for them to do so, the fact is the Findling Defendants did not incur significant attorney fees in defending this action. The Court shall therefore deny this motion.

The Washtenaw County Defendants, on the other hand, likely did incur a fair amount of attorney fees in preparing their Motion to Dismiss.

The Washtenaw County Defendants's Motion for Rule 11 Sanctions states the Rule 11 was violated because the complaint in this action was filed "despite the obvious application of the *Rooker-Feldman* doctrine and the doctrine of absolute judicial immunity. This disregard for well-settled principles of law shows that Plaintiff presented its Complaint to cause unnecessary delay and needlessly to increase the cost of litigation, both of which are 'improper' purposes under Rule 11 of the Federal Rules of Civil Procedure." (Docket Entry No. 27).

Thus, they clearly assert a violation of Rule 11(b)(2). Although the Washtenaw County Defendants do not specify who the requested sanctions should be awarded against, Rule 11 expressly provides that "a represented party" cannot be sanctioned for violating subsection

(b)(2). Fed. R. Civ. P. 11(c)(5)(A). That means any sanction awarded under that subsection must be awarded against the Foundation's attorney – not the Foundation.

It is well established that "Rule 11 sanctions are appropriate when an attorney refuses to dismiss a claim after becoming aware that it lacks merits." *Baker v. Chevron U.S.A., Inc.*, __ Fed. App'x. __, 2013 WL 3968783 (6th Cir. 2013); *Merritt v. International Ass'n. of Machinists*, 613 F.3d 609, 628 (6th Cir. 2010) ("Rule 11 imposes a continual obligation on attorneys to refrain from pursuing meritless or frivolous claims at any stage of the proceedings . . .").

This Court shall sanction counsel for the Foundation, who filed this action despite the fact that it is clearly barred by the *Rooker-Feldman* doctrine, and despite Judge Swartz being entitled to absolute judicial immunity.

Rule 11 provides that the Court has discretion as to the amount of any monetary sanction imposed for a violation:

> (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on a motion and warranted for effective deterrence, an order directing payment to the movant or part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

Here, the Washtenaw County Defendants' Rule 11 Motion states that they "specifically request reasonable attorneys' fees incurred in connection with pursuing this Motion and defending the underlying action." (Docket Entry No. 27 at 4). Their motion does not, however, apprise the Court as to the amount of attorney fees they have incurred.

In order to assist this Court in determining the appropriate amount of sanctions to award,

14

the Court shall order the Washtenaw County Defendants to submit an affidavit stating the amount of attorney fees incurred in this action, along with supporting documentation.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Complaint is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend is DENIED AS FUTILE.

IT IS FURTHER ORDERED that the Findling Defendants' Motion for Sanctions is DENIED.

IT IS FURTHER ORDERED that the Washtenaw County Defendants' Motion for Sanctions is GRANTED and the Court ORDERS that, in order to assist this Court in determining the appropriate amount of sanctions to be imposed, the Washtenaw County Defendants shall submit, no later than **January 22, 2014**, an affidavit stating the amount of attorney fees incurred in this action along with supporting documentation.

IT IS SO ORDERED.

                                            S/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated:  December 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 30, 2013, by electronic and/or ordinary mail.

                                            S/Jennifer McCoy
                                            Case Manager