UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The J. Edward Kloian Foundation,

    Plaintiff,

v.                                                                          Case No. 13-13684

Fred S. Findling, *et al.*,                                  Sean F. Cox
                                                                                             United States District Court Judge

    Defendants.
_____/

## ORDER
## IMPOSING RULE 11 SANCTIONS ON PLAINTIFF'S COUNSEL

In an Opinion & Order issued on December 30, 2013, this Court ruled that a sanction award against Plaintiff's Counsel was appropriate as to the Washtenaw County Defendants' Motion for Sanctions under Fed. R. Civ. P. 11. (*See* 12/30/13 Opinion & Order, explaining that "[t]his Court shall sanction counsel for the Foundation, who filed this action despite the fact that it is clearly barred by the *Rooker-Feldman* doctrine, and despite Judge Swartz being entitled to absolute judicial immunity.").

Rule 11 provides that the Court has broad discretion as to the amount of any monetary sanction imposed for a violation:

> (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on a motion and warranted for effective deterrence, an order directing payment to the movant or part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

1

Here, the Washtenaw County Defendants' Rule 11 Motion requested that they be awarded their "reasonable attorneys' fees incurred in connection with pursuing this Motion and defending the underlying action." (Docket Entry No. 27 at 4). Their motion did not, however, apprise the Court as to the amount of attorney fees they incurred in this action.

In order to assist this Court in determining the appropriate amount of sanctions to award, the Court ordered the Washtenaw County Defendants to submit an affidavit stating the amount of attorney fees incurred in this action, along with supporting documentation. They complied with that Order and filed an Attorney Fee Declaration (Docket Entry No. 35) stating that the Washtenaw County Defendants incurred a total of $13,978.00 in attorney fees in this action.

This Court allowed Plaintiff's Counsel the opportunity to file a response to that submission. Plaintiff filed a response on February 18, 2014, asserting that the hourly rate charged by Defense Counsel and the hours they worked in this case are "on the high side." (Docket Entry No. 38). Notably, Plaintiff's Counsel also states:

> Plaintiff's counsel understands that this Court [is] award[ing] sanctions against Plaintiff's counsel directly. Plaintiff's counsel on several occasions attempted to get Plaintiff to agree to dismiss the Washtenaw County and the Hon. Judge Schwartz; however Plaintiff always directly refused to allow counsel to dismiss the Defendants'. Plaintiff's counsel who had several issues with the Plaintiff even at one point filed his motion to withdraw which was denied at the December 19th hearing.
> Plaintiff's counsel having learned a grave lesson in client control respectfully requests this Honorable Court to award a nominal attorney fee in the amount of $1,000.

(*Id.* at 2).

Again, this Court has broad discretion in determining the appropriate amount of the sanction award. *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009); Fed. R. Civ. P. 11(c)(4).

This Court does not find the hourly rate or the amount of hours billed by Defense Counsel in this action to be unreasonable. But the Court is also mindful that a Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct." *Id*. Moreover, as the Sixth Circuit has recognized, the 1993 amendments to Rule 11 "'de-emphasize[d] monetary sanctions and discourage direct payout to the opposing party.'" *Rentz, supra* (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997)). The amended version of the rule also recognizes, however, that there are circumstances under which deterrence may be ineffective unless the sanction requires a monetary payment by the offender and requires some or all of the payment to be made to those injured by the violation. *Rentz*, 556 F.3d at 395.

Having carefully considered all of the relevant circumstances presented here, the Court concludes that a monetary sanction in the amount of $1,000.00 is sufficient to deter repetition of the conduct at issue here, and that the sanction should be paid to the Washtenaw County Defendants.

Accordingly, the Court hereby IMPOSES Rule 11 sanctions against Plaintiff's Counsel in the amount of $1,000.00 and ORDERS that Plaintiff's Counsel shall pay that sanction to Washtenaw County within thirty (30) days of this Order.

IT IS SO ORDERED.

                                        S/Sean F. Cox  
                                        Sean F. Cox  
                                        United States District Judge

Dated: February 20, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 20, 2014, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy  
                                        Case Manager